IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARCY BAYSINGER,
as next friend for minor
child, J.R.T.,

        Plaintiff,

vs.                                                    CIVIL NO.  09-806  JH/LFG

CHRISTOPHER RAY LUCERO
and ALBUQUERQUE PUBLIC
SCHOOLS,

        Defendants.

## AMENDED ORDER GRANTING PLAINTIFF'S MOTION TO QUASH SUBPOENA

THIS MATTER is before the Court on Plaintiff's Motion to Quash Subpoena Issued to PB&J for Records [Doc. 103]. Because the subpoena, which is the subject matter of Plaintiff Marcy Baysinger's ("Baysinger") motion, is untimely on its face, no response is necessary.

### Background

The close of discovery as determined by the Court's case management plan was March 4, 2010. No request to reopen discovery or otherwise extend discovery deadlines under the case management plan was requested, and the Court has not authorized discovery outside of the discovery deadline. Indeed, the parties on their own may not alter case management deadlines, but Court approval is required. [Doc. 19, Scheduling Order, p.1].

On March 15, 2009, Defendant Albuquerque Public Schools ("APS") served a subpoena on PB&J Family Services, Inc. ("PB&J) requiring it to produce various records relating to JRT. Baysinger objects, contending that the subpoena is untimely and also raises numerous other issues.

Because the Court concurs that the subpoena is untimely, it will not address Baysinger's remaining arguments.

In Dryer v. GACS, Inc., 204 F.R.D. 120, 122 (N.D. Ind. 2001), the court that, "Most courts hold that a subpoena seeking documents from a third-party under Rule 45(a)(1)(C) is a discovery device and therefore subject to a scheduling order's general discovery deadlines."  *See also* Integra Lifesciences I Ltd. v. Merck, 190 F.R.D. 556, 561 (S.D. Cal. 1999)(observing that "[c]ase law establishes that subpoenas under Rule 45 are discovery, and must be utilized within the same time period permitted for discovery in a case."); Marvin Lumber & Cedar Co. v. PPG Industries, Inc., 177 F.R.D. 443, 443-44 (D. Minn. 1997)(holding that subpoenas duces tecum meet the definition of discovery contained in Rule 26(a)(5), and that they are therefore subject to the same time constraints that apply to all other methods of formal discovery).  *See also* 9 James William Moore et al., Moore's Federal Practice, § 45.03[2][a](3d ed. 2009)(stating that "once the discovery deadline established by a scheduling order has passed, a party may not employ a subpoena to obtain materials from a third party that could have been procured during the discovery period.")

This Court concludes that Rule 45 procedures are part of discovery and are governed by the Court's rules of procedure as well as the Court's earlier case management plan.  Thus, utilization of Rule 45 procedures must occur within the time frames contemplated by the Court's scheduling order.

In this case, the subpoena was served after the close of discovery.  It is untimely, and, therefore, Baysinger's Motion to Quash is GRANTED.

IT IS SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge