IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARCY BAYSINGER,
as next friend for minor
child, J.R.T.,

          Plaintiff,

vs.                                                     CIVIL NO. 09-806 JH/LFG

CHRISTOPHER RAY LUCERO
and ALBUQUERQUE PUBLIC
SCHOOLS,

          Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFF'S MOTION TO COMPEL
## RULE 35 MENTAL EXAMINATION OF DEFENDANT LUCERO

THIS MATTER is before the Court on Plaintiff's Motion to Compel A Rule 35 Mental Examination of Defendant Christopher Ray Lucero ("Lucero") [Doc. 92]. The Court considered the motion, responses in opposition [Docs. 98 and 100], and Reply [Doc.107]. Oral argument is not necessary.

Plaintiff, Marcy Baysinger ("Baysinger"), brings this action on behalf of a minor child, JRT, and asks the Court to compel Lucero to submit to a mental examination, claiming that his mental condition is at issue. The motion is opposed because both Albuquerque Public Schools and Lucero deny that Lucero's mental condition is at issue or that it has been raised as an affirmative defense.

## Analysis

A mental examination is among the most intrusive of all examinations that can be performed on an individual. A court order authorizing such a examination allows a party to rummage through the recesses of an opponent's psyche, delve into the dark corners of the opponent's mental closet, and look under the bed of a party's private thoughts. Thus, before a party invokes the provisions

of Fed. R. Civ. P. 35, there must be "good cause" and the individual sought to be examined must have put his/her mental condition "in controversy."  Schlagenhauf v. Holder, 379 U.S. 104, 121 (1964).

> The "good cause" and "in controversy" requirements of Rule 35 make it very apparent that sweeping examinations of a party who has not affirmatively put into issue his own mental or physical condition are not to be automatically ordered merely because the person has been involved in an accident–or, as in this case, two accidents–and a general charge of negligence is lodged.

Id.

In Thiessen v. General Elec. Capital Corp.,178 F.R.D. 568 (D. Kan. 1998), the court stated "rule [35] is consciously designed to be somewhat restrictive to guard against the use of requests for mental examinations as a tool for harassment, intimidation or delay . . . ."  Id. at 570.  An attempt to subject a party to an intrusive examination of this nature, when that party's mental or emotional condition is not at issue, could well be viewed as a tool of harassment or intimidation.  The Thiessen court further explained that the "good cause" and "in controversy" requirements of the rule,

> [a]re not met by mere conclusory allegations of the pleadings–nor by mere relevance to the case–but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination.

Id. (*citing* Schlagenhauf, 379 U.S. at 118).

A party places his own condition "at issue," for example, by alleging he suffered serious mental or emotional injury due to the acts of another.  In this case, it is undisputed that the minor Plaintiff's mental, emotional or physical conditions are at issue because Plaintiff claims the child suffered serious emotional injury, seeks substantial damages, and relies on expert testimony to substantiate those damages.  *See* Fox v. Gates, 179 F.R.D. 303, 307 (D. Colo. 1998)(discussing

requirements for Rule 35 examination).  However, Defendant Lucero's affirmative defenses do not place his own mental condition at issue.[1]  Lucero does not seeking damages for any alleged injury; does not assert that his own lack of mental capacity excuses the alleged conduct; and does not contend that a lack of mental competency warrants dismissal or a delay in the trial.

Baysinger alleges that Lucero's mental condition is at issue because he invoked protections under the Fifth Amendment to the Constitution and because "[t]his issue is already in controversy in this case based on Defendant Lucero's denial of the allegations of sexual molestation of JRT not to mention that this is also a credibility issue . . . ." [Doc. 107, Reply, p. 3].  Such allegations are insufficient to justify a Rule 35 exam.

A defendant denies a significant number of the allegations in a complaint in virtually every lawsuit.  So, too, credibility is an issue in every case.  If a movant were able to force an opponent to undergo an evaluation simply because allegations in a complaint are denied or because credibility is at issue, then, Rule 35 examinations could be ordered in every case and the "good cause" or "in controversy" requirements would be meaningless.  *See*, *e.g.*, Kent D. Streseman, Note, "Headshrinkers, Manmunchers, Moneygrubbers, Nuts and Sluts: Reexamining Compelled Mental Examinations in Sexual Harassment Actions Under the Civil Rights Act of 1991," 80 <u>Cornell Law Review</u>, 1268, 1317 (May 1995).

> Feldman-Shorrig and McDonald assert that a major purpose for the mental examination is to assess the plaintiff's credibility.  Like evaluating the hostility of the work environment at issue in a given case, assessing credibility is the task of the fact finder.  Consequently, courts have consistently denied motions to compel parties to submit to mental examinations to ascertain their

---

[1] Lucero's affirmative defenses include a Fed. R. Civ. P. 12(b)(6) challenge; an allegation that claims are barred by the New Mexico Tort Claims Act; an allegation that harm is the fault of another; denials of malicious, willful, wanton acts that warrant punitive damages; and a constitutional challenge to punitive damages.

        credibility.[2]  Moreover, studies indicate that mental health clinicians are often no more likely than lay persons to determine whether a witness is telling the truth.[3]

The Court concludes that Lucero's own mental condition is not in controversy and that Baysinger failed to establish the "good cause" and "in controversy" requirements under Rule 35.

IT IS THEREFORE ORDERED that Baysinger's motion for a Rule 35 examination of Christopher Lucero is DENIED.

                                                     *Lorenzo F. Garcia*
                                                     Lorenzo F. Garcia
                                                     United States Magistrate Judge

---

[2] *See, e.g.,* Tyler v. District Court, 561 P.2d 1260, 1263 (Colo. 1977)(dismissing claim that a party's mental condition was in controversy because it might bear on his credibility); Connolly v. Labowitz, No. 83C-AU-1, 1985 WL 189306 at *1 (Del. Super. Ct.  Nov. 5, 1985); Landau v. Laughren, 357 S.W. 2d 74 (Mo. 1962); *see also* United States v. Fountain, 840 F.2d 509, 517 (7th Cir.)(noting that the court below was properly leery of psychiatric examinations of witnesses and psychiatric testimony about witness credibility because "the jury can observe for itself . . . the witness's behavior), *cert. denied*, 488 U.S. 982 (1988); United States v. Barnard, 490 F.2d 907, 912 (9th Cir. 1973)(jury is the lie detector in the courtroom), *cert denied*, 416 U.S. 959 (1974).

[3] "Many critics of psychology and psychiatry's expansive role in the legal system emphasize that assessment and diagnosis are valid insofar as they aid the clinician in establishing a therapy program for a patient.  These critics merely object to perceptions held by the public and the legal community that psychiatrists and psychologists can provide objectively 'true' evaluations that aid legal fact finders in their mission."  Streseman, "Headshrinkers . . . ," 80 Cornell Law Review, at 1314 n. 235.