IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARCY BAYSINGER,
as next friend for minor
child, J.R.T.,

           Plaintiff,

vs.                                                              CIVIL NO. 09-806 JH/LFG

CHRISTOPHER RAY LUCERO
and ALBUQUERQUE PUBLIC
SCHOOLS,

           Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION FOR SANCTIONS AGAINST DEFENDANT APS

THIS MATTER is before the Court on Plaintiff's Motion for Sanctions Against Defendant APS for Discovery Abuse [Doc. 97]. The Court considered the motion and response. Plaintiff Marcy Baysinger's ("Baysinger") reply was due on April 19, 2010, but no reply was filed.

Baysinger contends that Defendant Albuquerque Public Schools ("APS") knowingly violated federal constitutional law regarding non-party rights to privacy, as well as the Health Insurance Portability and Accountability Act ("HIPAA"). Baysinger also alleges that "Defendant willfully and intentionally used a Release to obtain records fraudulently, withheld the records, and did not disclose the records; . . . ." [Doc. 97, Motion, p. 4]. Finally, Baysinger contends "Defense counsel engaged in conduct involving dishonesty, fraud, and deceit, and engaged in conduct that is prejudicial to the administration of justice." Id.

Baysinger's allegations do not stop there. She accuses APS of ". . . abusing the discovery process, rules, and case law undermin[ing] the administration of justice and demonstrat[ing] a willful, intentional and bad faith attempt to conceal evidence . . . ." [Doc. 97, p. 5]. She asserts

"Defendant knowingly, intentionally, and willfully used the medical release to obtain medical records for J.R.T.'s family members, and then intentionally withheld the information from Plaintiff." Id. She accuses defense counsel of knowingly violating privacy rights of non-parties. [Doc. 97, p. 6].

Baysinger charges defense counsel with "intentional and willful violations of the Rules of Professional Conduct," [Doc. 97, p. 7], and cites Rule 16-804 NMRA 2010, which identifies misconduct as engaging in dishonesty, fraud, deceit, misrepresentation or conduct that is prejudicial to the administration of justice. Baysinger contends, "defense counsel knowingly and intentionally breached both of these Canons of Professional Conduct" and that counsel are "bound by their agreements and have an ethical obligation to be honest and truthful." Id. Baysinger seeks sanctions against APS or, alternatively, a default judgment for all of these alleged violations.

## Analysis

Baysinger's allegations exceed zealous advocacy. She accuses her professional colleagues of criminal misconduct, dishonesty, breach of federal statutes, breach of ethics and obstruction of justice. Such allegations, if true, would subject opposing counsel to severe disciplinary sanctions and, if substantiated, could well result in a default judgment.

The problem here, however, is that the allegations are without substance. Part of the premise of the allegations is that APS surreptitiously obtained medical records from Peanut Butter and Jelly Social Services ("PB&J"). Yet, the unrebutted response shows that neither APS nor its counsel obtained any records from PB&J other than those redacted records from March 26, 2007 to November 17, 2008 that were produced by Baysinger's counsel. [Doc. 110, p. 6.] Thus, the basis for Baysinger's ugly accusations are unfounded.

It is important to note that Baysinger had an opportunity reply to APS's response and correct the record, if APS's representations were inaccurate. Baysinger's silence speaks volumes.

Baysinger also complains that APS obtained records from PB&J to which it was not entitled, and accuses APS of altering release forms, contending that J.R.T.'s records were only discoverable for a period of five years. Baysinger is incorrect. The automatic disclosure requirement of the local rules mandates that a plaintiff disclose five years of treatment history. Nothing in the rule precludes a party from obtaining records beyond the automatic disclosure obligations.

## **Sanctions**

Baysinger seeks sanctions or a default judgment based on the unsupported allegations in her motion. Rule 37 allows a court to impose sanctions when a party violates a court order regarding discovery. Fed. R. Civ. P. 37(b); Steven Baicker-McKee, William M. Janssen & John B. Corr, Federal Civil Rules Handbook 882 (2010 ed.). The Federal Civil Rules Handbook provides, in pertinent part, that "The court may not impose sanctions under Rule 37(b) unless it has already issued a discovery order with which a party or deponent has failed to comply." Id., at 741 (*citing* In Re Williams, 156 F.3d 86, 89 n.1 (1st Cir. 1998); Nike, Inc. v. Wolverine World Wide, Inc., 43 F.3d 644, 648 n. 2 (Fed. Cir. 1994); United States v. Matusoff Rental Co., 204 F.R.D. 396, 398 (S.D. Ohio 2001)). *See also* Wheeler Peak LLC v. L.C.I.2, Inc., No. Civ 07-1117 JB, 2009 WL 1329020, at *5 (D.N.M. Apr. 14, 2009) (going straight to the penalties without first having a motion to compel and order skips a critical step in the discovery process). Here, no discovery order was entered and no discovery order was violated. Thus, a request for sanctions is inappropriate.

## **Creed of Professionalism**

By local rule, the United States District Court adopted the New Mexico Supreme Court's

"Creed of Professionalism of the New Mexico Bench and Bar." D.N.M. LR-Civ 83.9. The Creed states in part, "I will also conduct myself in accordance with the following Creed of Professionalism when dealing with my client, opposing parties, their counsel, the courts and any other person involved in the legal system, including the general public." (Creed, "Lawyer's Preamble.") With respect to opposing parties and their counsel, the Creed further states: "I will be courteous and civil, both in oral and written communications; I will not make improper statements of facts or of law; [and] I will not use litigation, delay tactics or other courses of conduct to harass the opposing party or their counsel." (Creed, Section C.)

Had Baysinger consulted with opposing counsel as required by D.N.M. LR-Civ 7.1(a) before filing this motion, counsel would have learned that the premise of the motion was without merit. Thus, the motion for sanctions would not have been filed unless or until Baysinger's investigation showed support for the motion. The Court advises Baysinger and her counsel that no motion should be filed in the future unless it has been reviewed and discussed with the opposing party. Failure to include recitation of a good-faith request for concurrence may result in the summary denial of a motion. D.N.M. LR-Civ 7.1(a).

Secondly, the accusations which formed the basis of this motion violate counsel's duty with respect to conduct towards opposing parties and their attorneys. While an attorney is expected to zealously advocate the interests of a client, the attorney must always do so within the bounds of propriety, ethics and professionalism.

For all of the reasons stated above, Baysinger's motion for sanctions [Doc. 97] is DENIED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge